In re AMERICAN RANGE & FOUNDRY CO.

In re NYE.

District Court, D. Minnesota, Third Division. November 25, 1927.

1. Bankruptcy ⟨⟩322—Corporation's contract to hire director for 10 years, if valid, gave director claim, on corporation's bankruptcy for present worth of future payments, less director's present earnings.

Breach, by corporation's bankruptcy, of executory contract to pay director salary for services for 10-year period, gave rise to claim on part of director for present worth of future payments under contract, less director's present earnings, provided contract was valid.

2. Bankruptcy ⟨⟩340(4)—Evidence held to support referee's finding that contract of corporation, substantially owned by director and his son, for director's services, was valid, entitling director to claim on corporation's bankruptcy.

In proceeding by director for allowance of claim against bankrupt corporation under 10-year contract for services, finding a referee that contract was valid and free from fraud held proper under evidence, where corporation was substantially owned by director and his son.

3. Corporations ⟨⟩447—Solvent corporation may incur obligations, so long as creditors and stockholders are fairly treated.

Solvent corporation has right to do with its money as it sees fit, and to enter into such obligations as it sees fit, so long as dealings are honestly carried on with reference to creditors and stockholders.

4. Corporations ⟨⟩316(1)—Where director and son owned business, contract of corporation with director for services was not ipso facto void.

Fact that director, who with his son substantially owned corporation, entered into contract with corporation for his own services, was not of itself sufficient to avoid contract.

5. Corporations ⟨⟩316(4)—Corporation, accepting director's services under contract, and paying him salary for several years, ratified contract.

Conduct of corporation in accepting services rendered by director, and in paying him salary for several years under his contract with corporation, was ratification and confirmation of contract.

Proceeding by G. L. Nye for the allowance of a claim of $38,065.49 against the American Range & Foundry Company, bankrupt. On petition of the trustee to review an order of the referee allowing the claim. Order confirmed.

See, also, 14 F.(2d) 308, 466.

Todd, Fosnes & Sterling and Richard Converse, all of St. Paul, Minn., for petitioner.

H. V. Mercer and E. J. Lien, both of Minneapolis, Minn., for claimant.

JOHN B. SANBORN, District Judge. In 1920, the American Range & Foundry Company and the Minnesota Stove Company, both of Shakopee, Minn., were solvent corporations, the stock in which was substantially all owned by G. L. Nye and his son, C. W. Nye; the former owning the controlling interest. The business of these companies had been built up by G. L. Nye, who was then a man more than 60 years of age. For years the business had been known as the

"Nye Stove Works," and the name "Nye" had a value in connection with the business, and Mr. Nye himself was well known to be the man who had built it up. Mr. Nye then turned over his stock to his son, C. W. Nye, and a contract was entered into, pursuant to which the two corporations agreed that Mr. Nye should continue in their service for 10 years from June 15, 1920, the date of the contract, and would not promote or aid any competing business, and that each company should pay him one-half of an annual salary of $10,000 during that time.

Of necessity, the contract was made by the Nyes as directors of the companies and Mr. G. L. Nye as an individual. In practical effect, the Nyes were the companies and the companies were the Nyes. Later on, the American Range & Foundry Company took over the assets of the Minnesota Stove Company and assumed its obligations.

Mr. Nye rendered services to the company and received his salary for several years and up to the time it became financially embarrassed. For a time before bankruptcy, he received and accepted a less amount than called for by his contract. So far as the record shows, no stockholder has ever complained of the contract, and no one who was a creditor of the companies when the contract was made has ever objected to it.

Mr. Nye is now over 70 years of age, and is receiving a salary of $1,800 a year as a salesman. He filed a claim against the American Range & Foundry Company in the bankruptcy proceeding, on the theory that his executory contract was breached by the adjudication in bankruptcy. The referee allowed him the present worth of future payments to become due under his contract, less what he would earn, assuming $1,800 as representing his yearly earnings.

[1] The trustee claims that the contract was void, because fraudulent and without consideration, that bankruptcy terminated it, that it was abandoned, and that Mr. Nye has not proved that he cannot earn more money than the referee found that he would earn. That the breach of this executory contract by reason of the bankruptcy gave rise to a claim, if the contract was valid, is settled by Central Trust Co. v. Chicago Auditorium Ass'n, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811.

[2, 3] It seems to me that the referee has reached a correct conclusion with reference to this claim. There is nothing to indicate fraud in the inception of the contract. The companies were solvent; they had a right to do with their money as they saw fit, and to enter into such obligations as they saw fit, so long as they acted honestly towards those then interested as creditors or stockholders. There was no concealment at any time of the fact that the contract had been made, and there was no intention, when it was made, to defraud persons who might subsequently become creditors. Undoubtedly, the Nyes, who were the persons most interested at that time, felt, when that contract was made, that the companies would be more successful in the future than they had been in the past, and there was nothing then to indicate any danger of insolvency.

[4, 5] The fact that G. L. Nye was a director, and in a sense made the contract with himself, is not enough, standing alone, to avoid the contract. He and his son owned the business, and no one else at that time had any substantial interest in it. If the business had not fallen upon evil days, the contract would undoubtedly have been carried out by the corporation. As a matter of fact, it accepted such services as he rendered for it, and paid him his salary for several years, thereby ratifying and confirming the contract. There seems to be no justification for holding the contract either void or abandoned. The acceptance by Mr. Nye of a less amount than called for by his contract, shortly prior to bankruptcy, was done upon conditions which were not fulfilled. So far as Mr. Nye's earning power is concerned, there is nothing in the evidence to establish that he is capable of earning more than he is now receiving. He is a man over 70, completely divorced from his former business, and without capital.

The order of the referee is confirmed.