[No. 22705.  Department One.  March 2, 1931.]

STANDARD FURNITURE COMPANY, *Plaintiff*, v. HOTEL
BUTLER COMPANY, *Defendant*, L. B. SCHWELLEN-
BACH, *as Receiver, Respondent and Cross-
Appellant*, JOHN E. SAVAGE *et al.,
Appellants*.[1]

*Vanderveer, Beardslee & Bassett,* for appellants.
*Dykeman, Monheimer & Griffin,* for respondent.

MITCHELL, J.—At the suit of a creditor in May, 1929,
a receiver was appointed for the Butler Hotel Com-
pany, as an insolvent corporation in Seattle.  John E.
Savage and his wife Marie Savage owned nearly all
of the capital stock of the corporation.  At the time of
the appointment of the receiver, the corporation had

[1]Reported in 296 Pac. 153.

been running the hotel for about ten years. Mr. and Mrs. Savage presented several separate claims, arising out of the operation of the hotel, to the receiver, who rejected them. Upon leave of court granted, suit was brought upon the claims. The receiver denied the validity of the claims, and pled a number of offsets and counterclaims. The superior court, upon trial of the case without a jury, entered findings of fact and conclusions of law upon which judgment was entered, from which judgment both sides have appealed.

The appeal of John E. Savage and his wife, as presented here, relates only to the right of Mrs. Savage to collect $19,307.99 claimed to be the balance due on salary for her services from September 1, 1921, to May 14, 1929, the date of the appointment of the receiver. That she was ever employed at all, was denied by the receiver. Upon the evidence with respect to that issue the trial court found that "there was no employment of Marie Savage by the corporation." Upon an examination of all of the evidence, we are of the opinion that the finding is sustained by a preponderance of the evidence.

The receiver has appealed from that portion of the judgment allowing John E. Savage $2,660 for unpaid salary as manager of the hotel, from January 1, 1929, to and including the date of the appointment of the receiver, at the rate of six hundred dollars per month. It appears that, upon the purchase of nearly all of the capital stock of the hotel corporation by Mr. and Mrs. Savage, he took charge as manager of the hotel in October, 1919, under a resolution of the board of trustees, fixing his salary at six hundred dollars per month. Thereafter, there was no change in his salary, an account of which was entered from month to month in the books of the corporation showing all salaries paid by the corporation.

The argument on behalf of the receiver against allowing the item in dispute, is two fold: (1) That, although the resolution of the board of trustees in October, 1919, fixing the salary, was unanimously adopted, it was, nevertheless, supported by the votes of Mr. and Mrs. Savage, two of the trustees, without whose votes there was not a quorum of the trustees, and that therefore the resolution was void; and (2) that, for a portion of the time, Mr. Savage was connected, as manager or assistant manager, with a hotel in Tacoma and one in Spokane, and that upon the rule of fair dealing, or *quantum meruit,* he should not receive full price for his services in connection with the hotel business in Seattle.

As to the first objection, it appears that, in adopting the resolution fixing the salary, all of the capital stock of the corporation was represented at the trustees' meeting, other than one share owned and held by an absent trustee. Mr. and Mrs. Savage voted for the resolution, and, under the general rule, were not entitled to do so, on account of their personal interest in the matter. But, the subject matter of fixing salaries being within the powers of the board of trustees, the adoption of the resolution partly by the votes of Mr. and Mrs. Savage was merely voidable. *Tefft v. Schaefer,* 136 Wash. 302, 239 Pac. 837, 239 Pac. 1119. Thereafter, as we understand, the stock of the corporation continued in practically the same ownership, and the fact that the salary was regularly paid by the month, and entered as such in the books of the corporation for approximately ten years (a number of which were successful business years), without any protest, should be taken, in our opinion, as constituting ratification and acquiescence on the part of all of the stockholders. *Tefft v. Schaefer, supra.*

As to the rights of creditors, now represented by the receiver, there was neither claim nor proof of bad faith on the part of the corporation or Mr. Savage, in the adoption of the resolution, nor in the payment to him of the salary from month to month at all times thereafter, nor was there any proof or offer of proof that the amount was, as a matter of fact, unreasonable for the services rendered at the time covered by the allowance.

The second objection, in our opinion, is without sufficient merit to justify a change in the judgment entered. The fact that the manager of a hotel in one city is connected with hotels in other cities, especially in the same state, may as a matter of fact, be of advantage to each of the hotels. There is no proof in that respect in this case. Nor is there any proof that he was connected with the other hotels, or either of them, at the time covered by the allowance objected to by the receiver, nor that, in any way, he neglected his duties to the Butler Hotel; nor is there any proof that his services as manager were not reasonably worth the amount claimed and allowed, considered either with or without his connection with the other hotels, or either of them.

Judgment affirmed as to both appeals.

TOLMAN, C. J., PARKER, and MAIN, JJ., concur.

HOLCOMB, J. (dissenting in part)—I concur in the affirmance of the appeal by the receiver.

As to the appeal of Mrs. Savage, my understanding of the record is that the reason for the finding of the trial court of no employment of Mrs. Savage, was solely because no resolution was entered employing her, or other formal, corporate act, in advance of her entering upon employment of long duration, and of very great benefit and value to the corporation.

As I recall the facts, she, with the knowledge, acquiescence, and approval of the stockholders and officers of the corporation, from September, 1921, until May 14, 1929, performed not only the work that had been done by two or three other women, but also very valuable services of more or less expert nature.

I do not understand the law to be that formal appointment by an officer or officers of a corporation, or formal employment by corporate resolution, are necessary in such case, any more than would be required by a private individual or firm.

To the extent that the evidence showed what her services were reasonably worth during all those years, in my opinion the judgment should be reversed, and she allowed to recover.

In that respect, I dissent from the prevailing opinion.