ALLEN, Acting Chief Judge.
This is an interlocutory appeal from an order denying a summary decree.
The appellant corporation was the plaintiff below. It alleged the ownership of 25 of the 50 outstanding shares of stock of the DeSoto Terrazzo Corporation and that the appellee, Raymond Petersen, owned 24 shares and Petersen’s wife owned one share of stock. Appellees Raymond Petersen and his wife, Frieda Petersen, and Charles F. Werner, constitute three of the five directors, the other two directors being Monroe Coblens and Lamar B. Dozier. Appellees also are officers of DeSoto Terrazzo Corp. Monroe Coblens apparently is the majority owner of Sarasota Tile & Terrazzo Corporation, the appellant. . .
*812 The Board of Directors of the DeSoto Terrazzo Corporation voted to increase the salary of Petersen, as President of the corporation, in the sum of $75 per week and the salary of Werner, as Treasurer, $75 per week. On the motion to so increase the above salaries, Petersen, his wife and Werner voted in favor of the increases with two votes dissenting. The Board of Directors of DeSoto Terrazzo Corporation is empowered, by its by-laws, to elect officers and to fix their salaries.
The lower court denied a summary decree on the issue of the salary increases, holding that there were equities on both sides, and that there was a material question of fact as to the reasonableness of the salary increases.
The appellant takes the position that the reasonableness of the increases is not controlling but that some relief should have been granted because the vote of the persons benefited was necessary as to each increase.
This court is of the opinion that the lower court was correct on the issues as framed in this case in denying a summary decree as to salary increases.
The lower court, on the motion of the plaintiff for summary decree entered an order denying in part and granting in part said motion. He held in said order, on an issue as to the validity of the extension of the terms of office of the board of directors from one to three years, that this action was in contravention of Section 608.08, Florida Statutes, F.S.A., and voidable at the instance of the plaintiff stockholders, which action of the lower court is not under attack in this case; the court further held that an issue of fact arises with reference to the salary increases, and that therefore he would deny the summary decree on said issue.
Generally, the board of directors is authorized to fix the salaries of the corporate officers. Directors of a corporation are precluded from fixing their own compensation for services to be rendered by them unless they are expressly authorized by the charter or by the stockholders. 7 Fla.Jur., Corporations, § 296.
Where the issue of the reasonableness or unreasonableness, or legality or illegality of a compensation increase is presented, the court of equity has power to determine this issue. 13 Am.Jur., Corporations, § 1039, p. 983.
It is observed in this case that 25 of the 50 shares of stock in the DeSoto Terrazzo Corporation are owned by the plaintiff-appellant, Sarasota Tile & Terrazzo Corporation, and that the remaining 25 shares of stock are owned by the defendants, Raymond Petersen and his wife, Frieda Petersen. In the case of Landstreet v. Meyer, 1947, 201 Miss. 826, 29 So.2d 653, 655, the Court said:
“Much of the debate has been upon the question whether the order of the board of directors in which the president cast the deciding vote in his own favor was (1) valid, or was (2) void, or was (3) voidable. There are authorities apparently on both sides of the issue under numerals (1) and (2), but we think the weight of cases will support the conclusion that the order of the board was not void, but was voidable at the suit of the minority stockholders on a cogent showing by them that the salary fixed, under circumstances such as above set out, was clearly excessive and wasteful as against the minority. * * * ”
The Court further said:
“Corporations must be allowed to function under majority control, as do most institutions in this country, so long as the majority does no actual wrong to the minority or to others. Courts are not to be called on to operate or control them, except in cases wherein such interference is essential to justice; and in interfering with *813 what the majority has done in such a case as this, real caution must be taken not to work a wrong in striving towards the right. * * * ”
See also Cook v. Cook, 1930, 270 Mass. 534, 170 N.E. 455; Tefft v. Schaefer, 1925, 136 Wash. 302, 239 P. 837, 1119; Standard Furniture Co. v. Hotel Butler Co., 1931, 161 Wash. 109, 296 P. 153.
The Supreme Court of Florida in an' opinion by Mr. Justice O’Connell, in the case of Flight Equipment & Engineering Corp. v. Shelton, Fla.1958, 103 So.2d 615, extensively discussed the questions of compensation to corporate officers and on pages 623 and 624 the Court said:
“It is equally well settled that a corporate officer is without authority to fix or increase his own salary. See 19 C.J.S. Corporations § 805; 13 Am. Jur., Corporations, Sec. 1035; Fletcher Cyclopedia Corporations, Vol. 5, perm, ed., Sec. 2127; Thompson on Corporations, Vol. 3, Sec. 1860 (3rd ed. 1927) and the cases cited in these authorities. In this State we have in accordance with this principle held that directors cannot fix their own salaries, as officers, unless expressly authorized to do so by the charter or the stockholders. Redstone v. Redstone Lumber & Supply Co., 1931, 101 Fla. 226, 133 So. 882, 884.
******
“And where the compensation to he paid an officer is expressly set forth in a contract or in the corporate minutes he cannot recover or draw additional compensation, in the absence of additional authority for such. However, an officer may be entitled to additional compensation for services rendered the corporation, which services are extraordinary and not within th'e scope of his duties as such officer, where it is clearly shown that the services were of benefit to and accepted by the corporation and were rendered under such circumstances as to clearly imply an agreement to pay therefor on part of the corporation.”
In Plotsky v. Plotsky Egg Co., Inc., 1934, 152 Misc. 297, 273 N.Y.S. 214, it was held that directors who were sole stockholders and officers of the corporation could vote themselves salaries as employees in the absence of fraud or bad faith, and that the corporation was estop-ped in denying the validity of such action.- See also American Range & Foundry Co., D.C.Minn.1927, 22 F.2d 558; Adams v. Mid-West Chevrolet Corp., 1946, 198 Okl. 461, 179 P.2d 147, 175 A.L.R. 554.
We affirm the action of the lower court in denying a full summary decree in this case.
Affirmed.
SHANNON, J., and REGISTER, DON, Associate Judge, concur.